REQUESTED BY: Dear Senator DeCamp:
This is in reply to your inquiry concerning the provision in LB 234, Second Session, 1979 concerning the payment for jury duty, as you are considering legislation at the up-coming session, if necessary.
You have asked for clarification on the matter of whether or not it is proper, in our opinion, for an employer to either deduct an amount equal to the pay an employee would receive for jury duty or require the employee to pay over his jury fee to the employer.
As you know, Mr. Lamb offered an amendment on March 27, 1979 to clarify this matter. The amendment would have inserted language just before the sentence providing the penalty for violation so that the provision would have read in part as follows, `No employer shall subject an employee to discharge, loss of pay, loss of sick leave, loss of vacation time, or any other form of penalty on account of his or her absence from employment by reason of jury duty, except anemployer may reduce the pay of an employee by an amountequal to any salary other than expenses paid by the courtfor jury duty. Any person violating the provisions of this section shall be guilty of a Class IV misdemeanor.'
As you can see, had the above amendment been adopted, the matter would have been clarified. However, since the amendment was not adopted, a strong argument could be made that the Legislature did not intend that the employee be penalized in any manner, either by deduction or by employee paying over to the employer his jury pay. Of course, the fact that the amendment was defeated does not clarify the matter completely since some persons could argue that the Senators who voted against it thought the provision was already clear that an employer deducting the amount would not be penalizing the employee but merely causing him to receive the same amount of money that he would receive had he not been placed on jury duty.
In other words, in accordance with the strict wording of the statute, the employer would not be subjecting the employee to `loss of pay' or `any other form of penalty on account of his or her absence from employment by reason of jury duty.' Since this is a criminal statute, it must be strictly construed.
Therefore, as you can see from the foregoing, a strong argument can be made for either interpretation. We do not think it would be proper for us to select one interpretation over the other since this bill has been enacted into law and the courts are now the only ones who can give a binding interpretation. Clarification by additional legislation at the up-coming session, as suggested in your letter, would clearly be in order.